FILED
SUPERIOR COURT
OF GUAM

2024 FEB 16 PM 4:33

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0695-19 |
| v. | **DECISION AND ORDER** *Re: People's Motion to Revoke Defendant's Probation* |
| CHRISWEL EDWIN LUDWIG, DOB: 7/12/1994 | |
| Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on December 6, 2023, on a return of warrant and continued motion hearing on the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). Defendant Chriswel Edwin Ludwig ("Defendant") was present with counsel Assistant Public Defender Kathleen Aguon. Assistant Attorney General Lewis Harley appeared on behalf of the People of Guam ("the People").

## BACKGROUND

On July 9, 2020, Defendant pled guilty to: (1) NEGLIGENT BURNING (as a Misdemeanor), as a lesser included offense to the First Charge, Count One of ARSON (as a Third Degree Felony), in violation of 9 GCA § 34.40(a)(1); and (2) the Second Charge of VIOLATION OF A COURT ORDER (as a Misdemeanor), in violation of 9 GCA § 30.40(a)(1). As part of his plea agreement, Defendant was sentenced to a total of two (2) years of incarceration, one year for each charge, all but ninety (90) days suspended, with credit for time

served. Defendant also agreed to pay plus court costs, and full restitution, in an amount to be determined at a restitution hearing. As part of his plea agreement, Defendant also agreed to be placed on supervised probation for a period of two (2) years with various conditions, including to:

1. Report to Guam Behavioral Health and Wellness Center ("GBHWC") for intake and drug/alcohol assessment, and to follow all treatment plans as may be recommended by GBHWC;

2. Serve one hundred (100) hours of community service;

3. Pay a fine of $100 and court costs of $80, and;

4. Obey all federal and local laws of Guam.

On July 23, 2020, the Court filed the Judgment of Conviction. The Judgment of Conviction also provided that failure of the Defendant to follow all conditions of his probation could result in a hearing to revoke probation at which time the Court could impose any sentence that may have been imposed originally

On November 17, 2020, Probation filed a First Violation Report, advising that Defendant failed to comply with probation conditions, in that he: (1) failed to report to the Client Services and Family Counseling ("CSFC") as ordered; (2) failed to make payments towards the $80.00 court costs and $100.00 court fine as ordered, and; (3) failed to perform and complete his hundred hours of community service as ordered. On December 7, 2020, the Court issued a warrant of arrest on Defendant, and Defendant was committed on December 8, 2020. On January 12, 2021, the Court held a return of warrant hearing, at which the People refrained from moving to revoke. On January 19, 2021, Defendant was released and sanctioned to time served for the violation.

On March 26, 2021, Probation filed a Second Violation Report, again advising that Defendant had failed to comply with probation conditions by failing to pay his fine and court costs, and by committing new crimes resulting in four charges filed against Defendant in Criminal Case No. CF0161-21. On June 26, 2021, after multiple violations of his pretrial conditions in CF0161-21, Defendant was committed and confined until December 30, 2021. On December 30, 2021, Defendant pled guilty in CF0161-21 to the crimes of FAMILY VIOLENCE (as a Third Degree Felony), in violation of 9 GCA §§ 30.10(a)(1), (b), and 30.20(a), ASSAULT OF AN UNBORN CHILD (As a Misdemeanor), in violation of 9 GCA §§ 17.08 and 19.30(c), and VIOLATION OF A COURT ORDER (As a Misdemeanor), in violation of 9 GCA § 30.40(a)(1). Defendant was then sentenced in that case to serve six (6) months incarceration, pursuant to plea agreement.

On June 27, 2022, Probation filed a Third Violation Report in this case, advising the Court that Defendant had failed to complete his treatment with CSFC as ordered; that Defendant had failed to make payments towards his fine balance and court costs balance in accordance with his payment plan, and; that Defendant had failed to perform or submit any of his community service hours to date.

On February 27, 2023, the People filed the Motion. On March 13, 2023, Defendant filed his opposition to the Motion. On October 5, 2023, the Court held a revocation hearing on the Motion. Defendant was not present, and probation stated that its last contact with Defendant was in July, 2023. The Court continued the hearing, and issued a Warrant of Arrest on October 18, 2023. On December 4, 2023, a Return of Warrant was filed alleging that Defendant had been arrested relative to charges of driving while impaired, driving without a license, expired registration, lack of insurance, and driving with an open container of alcohol. This led to

Defendant's new case, CM0403-23, being opened on the same day. On December 6, 2023, the Court held a hearing on the return of warrant and the People's Motion. The Court subsequently took the matter under advisement, and remanded Defendant to the Department of Conditions in the interim.

## DISCUSSION

9 GCA § 80.66, which governs probation revocation proceedings, provides, in relevant part, that:

> (a) At any time before the discharge of the offender or the termination of the period of suspension or probation:
>
> (1) upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may summon the offender to appear before it or may issue a warrant for his arrest[, and] ...
> (2) the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(1)-(2). (2023).

Probation revocation is a two-step process. *Guam v. Camacho*, 2009 Guam 6 ¶ 27. First, the trial court must make a factual determination that a violation of a condition of probation actually has occurred. *Id.* If a violation is proven, then the court must determine if the violation warrants revocation of the probation. *Id.* A defendant's violation of probation warrants revocation where the violation upsets the intent of the probation conditions. *Id.* ¶ 31.

The goal of a revocation hearing is not to decide guilt or innocence, but to determine whether the defendant remains a good risk for probation. *Id.*; *People v. Manila*, 2005 Guam 6 ¶ 13. The standard of proof required at a probation revocation hearing is that the evidence and the

facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *People v. Angoco*, 1998 Guam 10 ¶ 8 The trial court's decision to revoke probation must be based on credible evidence, but the defendant bears the burden of showing an excuse for the failure to comply with the conditions. *Camacho*, 2009 Guam 6 ¶ 30.

Here, it is uncontested that Defendant violated his probation by failing to obey all laws at least twice and by failing to perform his requisite community service hours.

The People argue that Defendant violated the conditions of probation to which he agreed, and violated the Court's Judgment of Conviction, and that said violations are sufficient to warrant revocation. Defendant argues that his violations do not warrant revocation, claiming that, while Defendant did not complete his treatment or payments as required, he attended 12 of 24 treatment sessions at CSFC and made a single payment of $50.00 towards his fine and court costs "sometime during his probation." Opp., at 2. Defendant then compares the instant case to *People v. Stanley*, in which the Court revoked that defendant's probation because it found that defendant "failed to complete any condition of probation within his two years of supervised probation and that he demonstrated that he is not a good candidate for probation." *Id.* (citing *People v. Stanley*, CF0214-18 (Decision and Order, April 23, 2021)). The Court finds this analogy to weigh against Defendant in this instance, because, while he may have made partial progress over the course of his probation, he has still not actually *completed* any of the conditions of his probation. Indeed, in the Stanley case, that defendant also scheduled appointments with CSFC and attended his intake and assessment, but did not complete said treatment, allegedly because of the onset of COVID-19 at the time. *Stanley*, CF0214-18 (Opp. to Mot. for Revocation, March 2, 2021). The Court found then, as it does now, that the inability

to fulfill any of the conditions of a defendant's probation over the course of two years indicates a clear lack of effort. Furthermore, not only did Defendant ignore his obligations in this case, but he also picked up two more cases along the way. These facts demonstrate the Defendant is not a good candidate for probation, and that revocation would best satisfy the ends of justice and the best interests of the public.

Defendant further states that, since the inception of this case, Defendant has since been adjudged in CF0161-21 and has been ordered to three years' supervised probation beginning on December 30, 2021. Defendant states that his probation in this case has overlapping conditions with this case, and that if his probation is revoked in that matter, he stands to be confined for a three (3) year prison term.

Defendant argues that, because Defendant has already served a considerable amount of confinement time in this matter, revocation is not an appropriate disposition, and that the Court should either allow Defendant a reasonable time to Defendant to complete his conditions here, or terminate Defendant's pending probation conditions, convert the community service hours to a fine, and send the remaining fine to collection court. The Court takes issue with this argument for several reasons. First, this case pre-dates CF0161-21, and therefore any additional probation or sentence time that Defendant accrues in the course of that case is not the concern of this Court. Second, the Court finds justice is not best served by shortening Defendant's potential sentence or extending Defendant's probation simply because Defendant made the choice to commit more crimes while on probation. Defendant has amply shown the Court where he wants to direct his energy, and it is clearly not in the direction of fulfilling his obligations to the Court. Third, even if the Court were to terminate Defendant's pending probation conditions, convert the community service hours to a fine, and send the remaining fine to collection court,

Defendant has taken two years to pay a $100.00 fine and, according to Defendant, is now obligated to pay least $2,000.00 more in CF0161-21. If the Court were to convert the remaining community service hours to a fine, Defendant has not shown himself capable of paying off such a fine in a reasonable amount of time. Therefore, the Court again finds it in the best interests of justice to revoke Defendant's probation and to sentence him to the maximum amount prescribed by statute.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation. Defendant's probation is hereby **REVOKED** and Defendant is sentenced to two (2) years of incarceration at the Guam Department of Corrections, with credit for time served.

**SO ORDERED** FEB 1 6 2024 _____.

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA EMAIL
I acknowledge that an electronic copy of the original was e-mailed to:

___AG, PbW____

Date: 2/14/24 Time: 4:40

Deputy Clerk, Superior Court of Guam